IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| v. | § | CRIM. NO. 4:06-421-1 |
| | § | |
| | § | |
| KOBIE DIALLO WILLIAMS | § | |

ORDER DENYING MOTION TO RECONSIDER COURT-IMPOSED FINE

After accepting Defendant Kobie Diallo Williams's negotiated plea to one count of conspiracy under 18 U.S.C. § 371 and finding him guilty, and after considering the Final Presentence Investigation Report and the requirements of 18 U.S.C. § 3553(a), the Court sentenced Defendant to imprisonment in the Bureau of Prisons for a term of 54 months, three years of supervised release, a $100.00 special assessment, and a reduced fine in the amount of $5,000.00 (Document No. 158). Pending is Defendant's Motion to Reconsider Court-Imposed Fine (Document No. 174), filed nearly a month after sentence was imposed, in which he requests the Court to reconsider its requirement that he pay interest on the $5,000.00 fine as provided by 18 U.S.C. § 3612(f). For the reasons to follow, the Court will deny Defendant's motion.

Section 3612(f) requires a defendant to "pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day of the date of the judgment."

18 U.S.C. § 3612(f)(1). If the Court determines that the defendant does not have the ability to pay such interest, the Court may waive the interest requirement, limit the total interest payable to a specific dollar amount, or limit the length of the period during which interest accrues. Id. § 3612(f)(3). Defendant's reason now to seek a waiver of interest on the fine is not based on the statutory reason set out in § 3612(f), but because he contends that interest amounts to usury, which is prohibited by his Islamic faith.[1] (Document No. 174).

Defendant Williams, according to his Presentence Investigation Report, was born in 1973 in Buffalo, New York, is well educated, with an earned Asscciate of Science degree in Electrical Engineering Technology from Houston Community College. He has had additional college courses in the field of computer science with a minor in mathematics and, prior to his arrest, needed to complete only about eight classes to earn a bachelor degree. For some eight years prior to his arrest, he was employed in the Civil Engineering Department of Rice University, Houston, Texas, and earned $39,000 per year as a technician. It was evident at sentencing that

---

1 Defendant cites Verse 2:278 (Chapter Al-Baqara) as an example of this teaching, which he claims allows Muslims "to increase capital through trade, but prohibits its followers from either charging or paying interest (riba) on any debt." (Document No. 174). By this example, Defendant likens his criminal monetary penalty to a commercial debt freely negotiated by the parties and for which interest was mutually agreed to be charged and paid. (Id.).

Williams had good earning capabilities, and excellent prospects upon his release from imprisonment for further educational attainment and elevated future earnings. He was represented throughout these proceedings by retained counsel.

Prior to sentencing, Defendant Williams made no objection to paragraphs 94-96 of the Presentence Investigation Report, which set out the statutory and Sentencing Guidelines provisions for imposition of a fine and the requirement to pay interest on any fine of more than $2,500 unless the fine were paid in full before the 15th day after the date of judgment. Likewise, Defendant made no objection that he did not have the ability to pay interest, and did not request the Court to waive the requirement for interest as authorized by 18 U.S.C. § 3612(f)(3). Even with Defendant's excellent past and future earnings capabilities, the Court imposed a fine of only $5,000, making a considerable departure downward from the minimum fine of $20,000 recommended for the instant offense by the advisory Sentencing Guidelines. Defendant Williams also made no objection to interest or request to waive it based upon his religious objection to paying interest.

Once judgment in a criminal case is entered, the sentencing court loses jurisdiction to change the sentence except in a few circumstances where a statute or Fed. R. Crim. P. 35 permits it to revisit the sentence. U.S. v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Thus, the Court does not have jurisdiction to change its

sentence unless authorized by statute or rule.  Id.  For example, under Fed. R. Crim. P. 35(a), a court within 14 days after sentencing may correct a sentence that resulted from arithmetical, technical, or other clear error.  Pursuant to 18 U.S.C. § 3573(1), the court may remit all or a part of the unpaid portion of the fine, including interest and penalties "[u]pon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective . . . ."  Title 18 U.S.C. § 3572(d)(3) authorizes the court to adjust the payment schedule for a fine, or to require its immediate payment in full if the interests of justice so require when there is a material change in a defendant's economic circumstances that might affect the defendant's ability to pay the fine.  Additionally, the Attorney General may waive all or a part of any interest or penalty if the Attorney General determines that "reasonable efforts to collect the interest or penalty are not likely to be effective."  18 U.S.C. § 3612(h).

It appears that the Court may have jurisdiction over a request to waive or modify an interest requirement under § 3572(d)(3).  See U.S. v. Coleman, 319 Fed. Appx. 228 (4th Cir. 2009); U.S. v. Goode, 342 F.3d 741 (7th Cir. 2003).  In Goode, however, the Seventh Circuit held that the defendant's interest obligation "could not be disturbed" because the district court had not determined at sentencing that he was unable to pay and he failed to show any

4

subsequent material change in economic circumstances that would warrant an adjustment of the payment schedule.

Likewise, when Williams was sentenced the Court made no determination at sentencing that Williams was unable to pay the interest, and he has made no showing now of any material change in his economic circumstances following the date of his sentence. Quite to the contrary, his motion does not at all rely on a change in his economic circumstances but rather a newly asserted religious objection to paying interest. No statute or rule has been found by the Court--and none was cited by Williams--that authorizes the Court to reopen and modify a criminal judgment to conform to the Defendant's religious beliefs. Accordingly, it is

ORDERED that Defendant Williams's Motion to Reconsider Court Imposed Fine (Document No. 174) is DENIED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 23rd day of April, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE